United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY WHITE, et al.,<br><br>         Plaintiffs,<br><br>   v.<br><br>THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>         Defendants.<br>_____/ | No. C 12-01978 RS<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

## I. TEMPORARY RESTRAINING ORDER

In consideration of plaintiffs' application for a temporary restraining order, the supporting evidence submitted therewith, the complaint, and the arguments raised by defendants in opposition to the requested relief, the court hereby finds that plaintiffs are entitled to temporary injunctive relief. Although this case remains at the earliest stages of litigation, plaintiffs have nonetheless demonstrated entitlement to a temporary restraining order under Federal Rule of Civil Procedure 65 for the limited purpose of preserving the relative positions of the parties pending further proceedings. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (temporary injunctive relief may be granted if moving party adequately shows: (1) there are serious questions going to the merits, (2) absent relief, there is a likelihood of irreparable harm, (3) that the balance of the equities tips sharply in movant's favor, and (4) that issuance of injunctive relief serves the public interest). *See also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiffs are three University of California professors who maintain that the University and its various officers and agents, unless restrained, intend to transfer possession of an exceedingly rare pair of ancient human skeletons ("the La Jolla Skeletons"), and associated funerary items, to the La Posta Band of the Diegueno Mission Indians for burial.  According to plaintiffs, interment would irrevocably destroy the priceless research value of the remains.  These allegations suffice to show the requisite likelihood of irreparable harm, as well as serious questions going to the merits of their claims under the Native American Graves Protection and Repatriation Act, 25 U.S.C. § 3001, *et seq*. *See also Bonnichsen v. United States*, 367 F.3d 864 (9th Cir. 2004) (overturning Department of Interior decision to repatriate 9,000-year old "Kennewick Man").  Plaintiffs' averments also persuasively demonstrate that the balance of the equities strongly favors issuance of a restraining order, as does the public interest.

Defendants do not, at least at this early stage, present a developed argument on the merits, but instead oppose the requested relief primarily on grounds of over breadth.  Plaintiffs' proposed order would strictly prohibit defendants from "changing in any manner the current condition and location of the La Jolla Skeletons, and associated funerary objects."  Defendants insist that there is no legal basis to restrain them so broadly, since they are willing to refrain from transferring the La Jolla Skeletons to the La Posta Band, and have proven capable conservators of them for some thirty-five years.  Although defendants insist there is no evidence to suggest the University otherwise intends to move or alter the Skeletons, they offer no persuasive justification for its refusal to agree to that very condition.[1]  Under the circumstances, plaintiffs cannot be expected to rely on the "reasonable, good faith efforts" of defendants to maintain the *status quo*.

As a consequence, and pending a hearing on the order to show cause, as set forth below, defendants University of California, the Regents of the University of California, Mark G. Yudof, Marye Anne Fox, Gary Matthews,  Does 1-50, their employees, agents servants, assigns and all those acting in concert with them, including but not limited to, the San Diego Archaeological Center, are hereby restrained from changing in any manner the current condition and location of the

---

[1] In the highly unlikely event that a natural disaster or other act of God requires the University to relocate the Skeletons for the sake of preservation, contrary to defendants' concern, a finding of contempt is not a realistic prospect.

United States District Court
For the Northern District of California

1  <u>La Jolla Skeletons, and associated funerary objects.</u>  This temporary restraining order shall expire at the conclusion of the hearing on the order to show cause on May 11, 2012, unless extended by the Court.  *See* Fed. R. Civ. P. 65(b)(2) ("order expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period").

Federal Rule of Civil Procedure 65(c) directs the court to require security from the moving party "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Here, however, there is no indication in the record that defendants will suffer any costs or damages by complying with this order, even if wrongfully issued.  The district court retains discretion "as to the amount of security required, *if any*," and in this instance plaintiffs need not post any bond.  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

## II. ORDER TO SHOW CAUSE

Defendants are further ordered to show cause why a preliminary injunction should not issue upon dissolution of the temporary restraining order.  A hearing on that matter will be held at <u>10 a.m. on Friday, May 11, 2012</u> in Courtroom 3, 17th Floor, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, in San Francisco, California, unless the parties agree to postpone the hearing with the Court's consent.  Plaintiffs may, if they so elect, file a supplemental brief in support of their request for preliminary relief, not to exceed twenty-five pages of text (excluding declarations and exhibits), <u>by 5 p.m. on Friday, May 4, 2012</u>.  Defendants may, if they choose to do so, file an opposition brief of the same length <u>by 5 p.m. on Tuesday, May 8, 2012</u>.  No further briefing by either party is authorized absent Court order.

IT IS SO ORDERED.

Dated:  4/27/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE